So Ordered.

Dated: December 20, 2023



_Rachel Blise_
Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Sean Higgins,

Debtor.

Case No. 23-22024-rmb

Chapter 13

**DECISION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION
AND GRANTING MOTION FOR RELIEF FROM STAY FILED BY
MATRIX FINANCIAL SERVICES CORP.**

The debtor filed this chapter 13 case on May 5, 2023. He filed a chapter 13 plan on May 17, 2023. The plan proposes to pay, pursuant to 11 U.S.C. § 1322(b)(5), a prepetition arrearage on a mortgage held by Matrix Financial Services Corp. ("Matrix") on a house that was owned by the debtor's parents. The plan provides that the debtor will maintain payments directly to Matrix during the case, and that the pre-petition arrearage of $65,699.58 will be cured over the course of the 60-month plan.

Matrix objected to the plan. Matrix argues that it does not hold a secured claim that can be cured and maintained through the plan. Matrix also filed a motion for relief from the stay imposed by 11 U.S.C. § 362(a), which raised the same issues. The parties submitted briefing on Matrix's objection and motion, and the Court held a preliminary hearing on October 24, 2023, at which time the parties presented argument on the issues raised by Matrix's objection to

confirmation and motion for relief from stay. At the October 24 hearing, and by order entered on October 27, the Court indicated that, if Matrix had a security interest in property that was part of the bankruptcy estate, then the debtor would be able to cure the pre-petition arrearage through a chapter 13 plan. However, whether Matrix has a security interest in property of the bankruptcy estate was unsettled. After the parties submitted supplemental briefing, the Court heard additional argument on December 5, 2023, and took the matter under advisement. For the reasons explained below, the Court sustains Matrix's objection to confirmation and grants its motion for relief from the automatic stay.

## BACKGROUND

Based on the record and the statements made by counsel, the relevant facts are not in dispute, except as otherwise indicated. The debtor's parents, Donald and Janice Higgins, owned the residential real estate located at 3513 South 32nd Street in Milwaukee, Wisconsin (the "Property"). On March 10, 2018, Donald and Janice Higgins executed a note and mortgage in the amount of $102,400 in favor of Paramount Equity Mortgage, LLC dba Loanpal. The note and mortgage were later assigned to Matrix.

Janice Higgins died on November 26, 2020. The Higginses owned the Property as joint tenants, so Janice Higgins' interest in the Property passed automatically to Donald Higgins upon her death. The debtor asserts that Janice Higgins did not have a will and died intestate, but the existence (or not) of her will is irrelevant as to the Property.

Donald Higgins died on May 12, 2021. The debtor submitted an affidavit stating that Donald Higgins did not have a will and died intestate. Matrix disputes whether Donald Higgins died intestate and asserts that whether a decedent died intestate can only be decided by a probate court. The issue whether a particular instrument qualifies as a will may be a legal conclusion, *see MacLeish v. Boardman & Clark LLP*, 924 N.W.2d 799, 804 (Wis. 2019) ("the interpretation

2

of a will is a question of law"), but whether there exists any instrument that could possibly qualify as a will is a question of fact. The debtor submitted evidence that there is no such instrument, and Matrix has not submitted evidence to the contrary. The Court will therefore assume, solely for the purpose of deciding the matter before it, that Donald Higgins died intestate.

The debtor has four or five siblings.[1] No probate proceedings have been opened to administer the assets in Donald Higgins' estate, except for a summary proceeding opened by Matrix in connection with a foreclosure action.[2] A special administrator for acceptance of service of process was appointed in that case.

Matrix commenced a foreclosure action with respect to the Property in Wisconsin state court in April 2022. A foreclosure judgment was entered on February 2, 2023, and a sheriff's sale was scheduled to be held in May 2023. The debtor filed this bankruptcy case before the sale date.

The debtor's proposed chapter 13 plan provides that the debtor will pay Matrix under § 1322(b)(5) by curing the pre-petition arrearage during the plan and maintaining regular monthly mortgage payments. Matrix filed a motion for relief from stay and an objection to confirmation, arguing that it is not a creditor of the debtor and that the debtor therefore cannot pay Matrix through the chapter 13 plan. The debtor responded that he has a sufficient interest in the Property such that Matrix has a claim.

---

[1] The precise number of the debtor's siblings is not relevant.

[2] At a hearing held on December 19, 2023, the debtor's counsel represented that the debtor had opened a probate proceeding to administer the estate of Donald Higgins. As will be discussed in more detail below, the debtor has presented no evidence regarding the existence of that proceeding.

## DISCUSSION

The ultimate issue raised by Matrix's objection to confirmation and motion for relief from stay is whether the debtor can "cure and maintain" his parents' mortgage through his chapter 13 plan. The answer to that question depends on whether Matrix has a claim against the debtor's interest in the Property such that it has a claim under 11 U.S.C. §§ 101(5) and 102(2). The debtor asserts that because the Property subject to Matrix's mortgage is now part of his father's probate estate, and he possesses a right to distribution from his father's probate estate, Matrix has a "right to payment" pursuant to § 101(5) and a "claim against property of the debtor" pursuant to § 102(2). Matrix argues that the debtor's interest is in his father's probate estate, and that the debtor does not have a sufficient legal interest in the Property itself.

## I.

By order dated October 27, 2023, the Court held that a chapter 13 plan may provide for the cure of default and maintenance of payments under § 1322(b)(5) even where the debtor is not personally liable on the debt and is not in contractual privity with the creditor so long as the creditor has an interest in property owned by the debtor. (ECF No. 52.) This Court's conclusion was based on the Supreme Court's decision in *Johnson v. Home State Bank*, 501 U.S. 78 (1991). In that case, the debtor filed a chapter 13 case shortly after receiving a chapter 7 discharge and proposed a plan that would cure and maintain a mortgage debt that preceded the chapter 7 case. *Id.* at 80-81. The mortgage creditor objected to confirmation, arguing that the debtor could not use the cure and maintain provisions in § 1322(b)(5) because the debtor's personal liability on the mortgage debt was discharged in the prior chapter 7 case. *Id.* The Supreme Court disagreed. The Court noted that the creditor's mortgage interest in the property survived the discharge, and the surviving mortgage interest is a claim under 11 U.S.C. § 101(5). *Id.* at 84. The Court also relied on 11 U.S.C. § 102(2), which provides that the term "claim against the debtor" includes a

4

"claim against property of the debtor." *Id.* at 85. Section 1322(b)(5) applies to secured claims, and because the creditor had a claim, the debtor could cure and maintain the mortgage.

Following *Johnson*, the majority of bankruptcy courts have held that a debtor with no personal liability on a debt can nevertheless include the debt in their chapter 13 plan if the creditor has a claim against property owned by the debtor, *i.e.*, a mortgage or other security interest in the debtor's property. *See*, *e.g.*, *In re Stevenson*, No. 23-32811-KRH, 2023 WL 7401456, at *2 (Bankr. E.D. Va. Nov. 8, 2023) (secured creditor's in rem claim against property inherited by the debtor was a "claim" for purposes of § 101(5) and could be cured through the plan); *In re Mack*, No. 22-02503-DD, 2023 WL 1869211, at *4 (Bankr. D.S.C. Feb. 9, 2023) (allowing debtor to cure a default in a mortgage granted by her mother); *In re Robinson*, 633 B.R. 357, 361 (Bankr. N.D. Ill. 2021) (when beneficiary of Illinois land trust files bankruptcy, any mortgagee with an in rem interest in trust property is a creditor with a claim against property of the beneficiary's bankruptcy estate); *In re Cavanaugh*, No. 20-10485-J13, 2021 WL 471426, at *3 (Bankr. D.N.M. Feb. 9, 2021) ("[E]ven though Debtor has no liability under the Note, and CitiMortgage's claim is the equivalent of a nonrecourse claim against the Debtor, Debtor can address CitiMortgage's in rem claim through a chapter 13 plan."); *In re McNeal*, No. 3:11-BK-3148-PMG, 2011 WL 4381725, at *3 (Bankr. M.D. Fla. Sept. 1, 2011) ("Since the Debtor has an ownership interest in the property, he may cure the arrearage on the Mortgage, reinstate the Mortgage, and make regular payments on the Mortgage through his Chapter 13 Plan."); *In re Newcomer*, 438 B.R. 527, 542 n.14 (Bankr. D. Md. 2010) ("[T]the majority view since [*Johnson*] is that it is appropriate to permit a Chapter 13 debtor who is the owner of real property to cure a pre-petition default under a mortgage, even if the debtor lacks privity with the mortgagee.") (quotation omitted); *In re Flores*, 345 B.R. 615 (Bankr. N.D. Ill. 2006) (mortgage lender with

5

interest in real property that debtor owned with her non-debtor husband had in rem claim against property of the estate that could be paid through the plan); *In re Garcia*, 276 B.R. 627, 633 (Bankr. D. Ariz. 2002) (concluding that "the alleged lack of a debtor-creditor relationship between the Bank and the [purchasing] Debtors has no bearing on the Debtors' rights under § 1322"); *In re Hutcherson*, 186 B.R. 546, 551 (Bankr. N.D. Ga. 1995) (applying *Johnson* to find that mortgagee had a claim against debtor's estate where debtor acquired property by devise, but was not in privity with mortgagee); *In re Lyrek*, No. 94-11572-12, 1994 WL 16005187, at *4 (Bankr. W.D. Wis. Oct. 31, 1994) ("The fact that the debtors have no personal liability to the bank, or that the bank did not voluntarily initiate its current relationship with the debtors, is irrelevant. A bankruptcy plan may restructure a claim where there is no personal liability no matter what circumstances surround that lack of personal liability."); *In re Lumpkin*, 144 B.R. 240, 242 (Bankr. D. Conn. 1992) ("[A] chapter 13 plan may deal with a claim where there is no personal liability no matter what circumstances underlay the lack of personal liability.").

A minority of courts, however, have ruled that a debtor may not use the cure and maintain provision of § 1322(b)(5) when the debtor is not personally liable for the underlying debt. *See, e.g., In re Tewell*, 355 B.R. 674 (Bankr. N.D. Ill. 2006) (debtor who obtained residential mortgage property from original mortgagor in violation of due-on-sale clause in mortgage could not cure mortgage default through chapter 13 plan over objection of mortgagee); *In re Allen*, 300 B.R. 105, 115 (Bankr. D.D.C. 2003) (debtor who acquired property by deed executed by son in violation of due-on-transfer clause when son was in default of payments could not cure and reinstate deed of trust in her chapter 13 case); *In re Parks*, 227 B.R. 20, 21 (Bankr. W.D.N.Y. 1998) (mortgagee could not be forced to accept installment payments of the redemption amount where debtor and mortgagee were not in privity of contract); *In re Kizelnik*,

190 B.R. 171, 173 (Bankr. S.D.N.Y. 1995) (granting creditor's motion for relief because tenant in mortgaged property could not reinstate her grandparents' mortgage and pay the arrears though her chapter 13 plan).

The cases where the courts allowed chapter 13 debtors to cure a mortgage default in the absence of personal liability involve debtors who have an ownership interest in the property. Those cases most often involve a title transfer of the property to the debtor, *e.g., In re Garcia*, 276 B.R. 627; a debtor spouse of the title holder with a marital interest in the property, *e.g., In re Flores*, 345 B.R. 615; or instances where the debtors filed chapter 13 after receiving a chapter 7 discharge of their personal liability, *e.g., Johnson*, 501 U.S. 78. The mortgagee has a claim in the bankruptcy because it has a claim against property of the debtor. *See* 11 U.S.C. § 102(2).

When a debtor does not have an ownership interest in the property, and the debtor is not in privity of contract with the mortgagee, there is no claim for the debtor to cure and maintain under § 1322(b)(5). For instance, in *In re Flucker*, 466 B.R. 342 (Bankr. D.S.C. 2011), the debtors had entered into an agreement labeled as a "bond for title" with Morgan, the title owner of the property. *Id.* at 343-44. Under the agreement, the debtors would receive a deed to the property from Morgan only after the full purchase price was paid. *Id.* at 347. Fannie Mae held a mortgage on the property granted by Morgan but had no contractual relationship with the debtors. The debtors filed chapter 13 and proposed to pay Fannie Mae through their chapter 13 plan. Fannie Mae objected to confirmation, arguing that the property was not property of the estate. The court agreed and sustained the objection. The court concluded that the debtors had an equitable lien on and occupied the property but that it was owned by Morgan. "Accordingly, Fannie Mae holds a lien on real property that *is not* property of the estate." *Id.* at 347 (emphasis in original). The court was unable to find "authority sufficient to support a finding that

7

possession plus an equitable lien on real property for amounts paid . . . transform[ed] the Debtor[s'] interest into one sufficient to fit the factual pieces of this puzzle into 11 U.S.C. § 1322." *Id.*

In sum, a chapter 13 plan may provide for the cure of default and maintenance of payments under § 1322(b)(5) even where the debtor is not personally liable on the debt and is not in contractual privity with the creditor so long as the debtor has an ownership interest in the property that secures the creditor's claim. The mortgage gives the creditor a claim against property of the debtor, so pursuant to § 102(2) the creditor has a claim in the bankruptcy and the debtor can provide for the claim under § 1322(b)(5). The outcome in this case turns on whether the debtor owns the property at issue.

## II.

Whether the debtor can pay Matrix through his chapter 13 plan depends on whether Matrix has a claim. A claim is a "right to payment." 11 U.S.C. § 101(5)(A). The parties agree that Matrix has no right to payment from the debtor because he did not sign the mortgage. The debtor contends that his interest in the Property is sufficient for Matrix to have a claim under § 102(2). That section provides that a claim against the debtor includes a "claim against property of the debtor." 11 U.S.C. § 102(2). "Property of the debtor" is not defined, but the Supreme Court has held that its meaning is coextensive with property of the estate, which includes all of the debtor's legal or equitable interests in property as of the commencement of the case. *Begier v. Internal Revenue Service*, 496 U.S. 53, 58-59 (1990) (citing 11 U.S.C. § 541(a)). Thus, Matrix has a claim if it has an interest in property that is part of the debtor's bankruptcy estate.

The debtor argues that the Property is part of the bankruptcy estate. He says that he has an interest in his father's probate estate, his interest in the probate estate is property of the

bankruptcy estate, and the Property is part of the probate estate, so the Property is necessarily part of the bankruptcy estate.

Matrix concedes that the debtor has an interest in his father's probate estate but argues that there is a difference between the debtor's interest in the probate estate and his interest (or lack thereof) in the Property itself. Unless and until the debtor obtains an ownership interest in the Property itself, the Property is not property of the debtor. Matrix maintains that the debtor merely has a *claim* of ownership in the Property by virtue of his interest as an heir to his father's probate estate, not an actual interest, equitable or otherwise, in the Property. (ECF No. 57.)

To determine whether the Property is part of the bankruptcy estate, the Court looks to Wisconsin law. *Butner v. U.S.*, 440 U.S. 48, 54-55 (1979) (property rights in the assets of a bankruptcy estate are determined by state law). When a Wisconsin resident dies intestate and without a surviving spouse or domestic partner, "any part of the net estate of a decedent that is not disposed of by will passes to . . . the issue, per stirpes." Wis. Stat. § 852.01(1)(b). "If per stirpes distribution is called for under [section 852.01(1)(b)], the rules under s. 854.04 apply." Wis. Stat. § 852.03(1). Section 854.04 provides that when property is distributed per stirpes, "the property is divided into equal shares for the designated person's surviving children and for the designated person's deceased children who left surviving issue. Each surviving child and each deceased child who left surviving issue are allocated one share." Wis. Stat. § 854.04(1)(a). Under Wisconsin law, it is clear that the debtor has one share of the property in his father's probate estate. That the debtor is entitled to a share of the probate estate does not mean that ownership of the Property has passed to the debtor.

Wisconsin's probate code was enacted in 1971. Before then, legal title to a decedent's personal property could be passed only by a personal representative of the decedent's estate, but

9

legal title to real property passed automatically to the heirs. *See Riedi v. Heinzl*, 3 N.W.2d 366, 369 (Wis. 1942) ("It is elementary that real estate descends directly to the heirs as of the date of death where the deceased owner dies intestate[.]"); *Palmer v. O'Rourke*, 110 N.W. 389, 390 (Wis. 1907) ("Upon the death of any person possessed of personal estate the legal title thereto and right to possession thereof vests in his personal representative and can only reach the heirs, ultimately entitled thereto by due course of administration."); *see also In re Omernik's Estate*, 332 N.W.2d 307, 310 (Wis. 1983) ("Prior to 1971, a personal representative [of a decedent's estate] only had title to the decedent's personal property."). Under that precedent, the debtor would have legal title to one share of the Property, even though there is not a formal instrument transferring title.

Since 1971, a personal representative of a decedent's estate "succeeds to the interest of the decedent in *all property* of the decedent." Wis. Stat. § 857.01 (emphasis added). Title to real property no longer passes automatically to the decedent's heirs. As explained by the Wisconsin Court of Appeals, "[u]pon the death of a person, the title to his property remains suspended until the appointment of a personal representative, at which time it passes to that personal representative." *Shovers v. Shovers*, 2006 WI App 108, 718 N.W.2d 130, 137.[3]

---

[3] In this way, Wisconsin law deviates from the majority. In most states, when a person dies, title to the decedent's real property immediately vests in the heirs, regardless of whether the probate estate has been or is being administered. *See* Eric C. Surette, 23 Am. Jur. 2d *Descent and Distribution* §§ 13, 17 (October 2023 update) (citing *Rice v. Seals*, 377 S.W.3d 416 (Ark. 2010); *Bender v. Bender*, 975 A.2d 636 (Conn. 2009); *Freedom Fin. Bank v. Estate of Boesen*, 805 N.W.2d 802 (Iowa 2011); *Heavey v. Maloof*, 901 N.E.2d 665 (Mass. 2009); *Estate of Mace v. Gardner*, 66 So. 3d 1265 (Miss. Ct. App. 2011); *Wilson v. Fieldgrove*, 787 N.W.2d 707 (Neb. 2010); *In re Enquire Printing and Publ'g Co.*, 894 N.Y.S.2d 349 (Sur. Ct. 2009); *In re Estate of Laue*, 790 N.W.2d 765 (S.D. 2010); *Fletcher v. Ferry*, 917 A.2d 937 (Vt. 2007); *Roberts v. Robert*, 158 P.3d 899 (Ariz. Ct. App. Div. 1 2007)); *see also* Francis C. Amendola, et al., 34 C.J.S. *Executors and Administrators* § 178 (August 2023 update). This is because most states have adopted the Uniform Probate Code. While Wisconsin's probate statute is influenced by the Uniform Probate Code, it includes "numerous and substantial differences." Howard S. Erlanger, *Wisconsin's New Probate Code*, Wisconsin Lawyer (October 1998). The Uniform Probate Code does not include a provision equivalent to Wisconsin Statute § 857.01.

A personal representative must be appointed by a state court upon application by an interested person, and the state court issues domiciliary letters to the representative. *See id.*; Wis. Stat §§ 856.07, 856.21. When letters are issued to the personal representative, the personal representative must take possession of the whole of the decedent's estate, including the real property. Wis. Stat. § 857.03. The real property can be transferred to the decedent's heirs only by a personal representative appointed by the state court.[4]

What interest does an heir have before a decedent's property is transferred by the personal representative? According to the Wisconsin Court of Appeals: "Heirs and legatees obtain no legal title to the property, but are beneficially interested in the estate and possess an equitable title subject to administration and payment of debts. Title can pass to those ultimately entitled to share in the property only after administration and by the final decree of the proper court administering the estate." *Shovers*, 718 N.W.2d at 137.

Until the personal representative transfers the property in the probate estate to the heirs, the heirs lack standing to take any action with respect to the property in the probate estate.[5] In *Shovers*, the decedent's wife sought a determination that the decedent owned shares of a family corporation and that the shares had passed to her under a residual clause in the decedent's will.

---

[4] There appear to be at least exceptions to this rule. First, an interest in real property can be transferred without probate to a designated Transfer on Death ("TOD") beneficiary upon the death of the sole owner or the last to die of the multiple owners. Wis. Stat. § 705.15(1); *see also See Sarow v. Vike*, 2015 WI App 58 ¶ 16, 868 N.W.2d 198 (Ct. App. 2015) (observing Wis. Stat. § 705.15(1) "unambiguously permits the non-probate transfer of real property only by a sole owner, by spouses as survivorship marital property, or by joint tenancy"). However, a TOD beneficiary designation is not effective unless the deed on which the designation is made is recorded. Wis. Stat. § 705.15(2)(c). Second, an heir of the estate can execute and record a Transfer by Affidavit, an informal probate procedure that allowed the debtor to transfer the real property at issue without appointment of a personal representative. *See* Wis. Stat. § 867.03(1g). The procedure can be used only when the property in the decedent's estate does not exceed $50,000 in gross value. *Id.* Neither exception applies in this case.

[5] Even the personal representative has no ability to take action with respect to property in the probate estate until appointed by the court. "Sale or attempted disposition of property before administration granted is void." 15 Wis. Prac., Death § 6:42 (9th ed. July 2023 update).

718 N.W.2d at 133. The Wisconsin Court of Appeals held that the wife lacked standing to seek

such a determinate because she had not been appointed as personal representative of the

decedent's estate. *Id.* at 137. Even though she was an heir to the estate and asserted she was the

heir designated to receive the shares if they were owned by the decedent, the wife had no ability

to bring an action relating to the shares. *Id.*[6]

Here, the debtor similarly has no standing with respect to the Property. The debtor's

counsel conceded as much during a hearing. When asked whether the debtor could have

prosecuted or defended an action related to the Property in state court, the debtor's counsel

agreed that the debtor would have no standing to do so because he does not own the Property. If

the debtor could not take action with respect to the Property in state court, he should not be able

do so in bankruptcy court, either. *See Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir.

1984) ("[W]hatever rights a debtor has in property at the commencement of the case continue in

bankruptcy – no more, no less.").

The debtor is quite confident that the Property will ultimately be distributed to him from

the probate estate, but that is not guaranteed. The debtor has several siblings, all of whom have

an equal share in the probate estate. For now, all the debtor has is an interest in the probate

estate, and the Property is only part of the probate estate.[7] The debtor may have a claim to the

property in the probate estate, but that is not enough to make specific property in the probate

estate part of the bankruptcy estate. As the Seventh Circuit has stated:

---

[6] In the event a personal representative fails to secure property of the estate, Wisconsin law permits any person having an interest in a decedent's estate to sue "on behalf of the estate" only "*in the court in which the estate is being administered*" to recover any property "which should be included in the estate." Wis. Stat. § 879.63 (emphasis added).

[7] The debtor's schedules suggest that the estate includes a vehicle. *See* ECF No. 10 at 7. The estate likely also includes other personal property.

> [T]he bankruptcy estate does not own property solely because the estate has a claim of ownership. When the estate stakes a claim, the property of the estate is just that: a claim of ownership. The estate's property does not include the thing to which it lays claim until the matter is adjudicated or resolved by the parties. To hold otherwise would necessarily lump into the bankruptcy estate assets owned by others, but only claimed by the debtor.

*In re Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir. 1996). Which heir or heirs receive legal title to the Property is a matter for the state court to decide.

The debtor argues that he has an equitable interest that became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) and that "whether the debtor's equitable interest is in his deceased father's house or his deceased father's estate is a distinction without a difference." (ECF No. 56 at 1.) But the debtor's interest in his father's probate estate is not the same thing as an interest in the Property.

For this reason, the debtor's reliance on *In re Chappel*, 189 B.R. 489 (B.A.P. 9th Cir. 1995), is also misplaced. In that case, the court held that the bankruptcy estate included "the debtor's right to a distribution from the probate estate of a testatrix who died prepetition." *Id.* at 492. Here, the debtor's bankruptcy estate undoubtedly includes his right to a distribution from his father's probate estate. But the bankruptcy estate does not *also* include a one-sixth share of each and every item of real and personal property in the probate estate. Matrix does not have a mortgage on the debtor's interest in the probate estate; Matrix has a mortgage on the Property.

Even if the debtor has an equitable interest in the Property because of his interest in the probate estate (which would mean that he also has an equitable interest in every other item of real and personal property in the probate estate)[8], it does not necessarily follow that Matrix has a

---

[8] In *Shovers*, the Wisconsin Court of Appeals remarked that "[h]eirs and legatees obtain no legal title to the property, but are beneficially interested in the estate and *possess an equitable title* subject to administration and payment of debts." 2006 WI App 108 at ¶ 37 (emphasis added). It is not clear whether the Court of Appeals meant that the

13

claim that can be paid through a chapter 13 plan. For Matrix to have a claim, it must have a right to payment from the specific property that is part of the bankruptcy estate. 11 U.S.C. § 102(2). The debtor has a possessory interest in the Property that became part of the bankruptcy estate under § 541(a)(1), but a debtor with a mere possessory interest in property cannot cure and maintain a mortgage in default because the creditor does not have a security interest in the debtor's possessory interest. Similarly, a mere equitable interest is not sufficient to give Matrix a claim, because Matrix does not have a right to payment from that equitable interest. Matrix has a right to payment from the Property itself, which is controlled by the person who holds legal title.

If the debtor could use § 1322(b)(5) to cure and maintain Matrix's mortgage under these facts, then a person with any sort of equitable interest in a piece of real property could do the same. This would force mortgagees like Matrix into relationships with debtors who do not own the collateral, who may never own the collateral, and with whom the creditor never had any contractual privity. Moreover, such claims could also be subject to modification under 11 U.S.C. § 1322(b)(2). A mortgagee could find the value of its lien reduced in the bankruptcy of a person holding an equitable interest without any involvement of the legal owner of the property or the original mortgagor. The better view is that mortgagees like Matrix have a claim under § 102(2) only when the debtor holds legal title to the underlying property.

Other courts in this district have addressed similar issues, but those cases are distinguishable and neither case discussed the 1971 overhaul of Wisconsin's probate statutes or the post-1971 case law. *Martin v. City of Milwaukee (In re Martin)*, No. 14-31091, 2014 WL 7011042 (Bankr. E.D. Wis. Dec. 11, 2014); *In re Berry*, 649 B.R. 319 (Bankr. E.D. Wis. 2023).

---

heirs have equitable title in the probate estate or equitable title in the items of real and personal property that make up the probate estate.

In *Martin*, the debtor's mother passed and the debtor was the sole heir. 2014 WL 7011042 at *1. The City of Milwaukee conducted a tax foreclosure sale of the debtor's mother's house. *Id.* The debtor later executed a Transfer by Affidavit under Wis. Stat. § 867.03(1g) about a month before she filed a bankruptcy petition but did not record the Transfer by Affidavit. *Id.* The debtor then brought an adversary proceeding to recover the house, which was part of the estate subject to the Transfer by Affidavit. *Id.* The court denied the City's motion to dismiss, holding that the debtor had a sufficient ownership interest in the house to continue with her claim. *Id.* at *4. Unlike in this case, the house could be passed outside of probate court through an informal Transfer by Affidavit.

In *Berry*, the debtor was in a similar position to the debtor here. His mother owned the property where he lived, she died, and he attempted to pay the mortgage granted by his mother through a chapter 13 plan. 649 B.R. at 321. In that case, unlike here, the creditor filed a secured claim against the bankruptcy estate. *Id.* at 322. The court concluded that by filing a claim the creditor had effectively admitted that it was a "creditor" with "a claim against the debtor." *Id.* at 323 (citing 11 U.S.C. §§ 101(10)(A), 501(a)).

The Court concludes that Matrix does not have a claim that can be paid through a chapter 13 plan. At this point, the debtor has only a possessory interest in the Property and potentially an equitable interest in the Property. Matrix does not have a right to payment from the debtor himself, nor does it have a right to payment from the debtor's possessory or equitable interests in the Property or from the debtor's interest in his father's probate estate.

### III.

At a hearing on December 19, 2023, the debtor's counsel for the first time notified the Court that the debtor has commenced a probate proceeding in state court and has asked the state court to appoint him as the personal representative of his father's probate estate. According to

15

the debtor's counsel, the action was filed on November 1, 2023, and there is a hearing scheduled for January 16, 2024. The debtor submitted no evidence of the existence of this proceeding, it was not mentioned in his supplemental brief submitted on November 21, 2023, and his counsel did not mention it during the December 5, 2023 hearing.

Without evidence that the debtor will in fact be appointed as personal representative and will be able to transfer the Property to himself in the near future, the Court cannot withhold ruling on Matrix's motion for relief from stay, especially without Matrix's consent. *See* 11 U.S.C. § 362(e).

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED:

1.      The Objection to Confirmation of Plan filed by Matrix Financial Services Corporation (ECF No. 21) is SUSTAINED, and the debtor shall file an amended plan on or before January 19, 2024.

2.      The Motion for Relief from the Automatic Stay filed by Matrix Financial Services Corporation (ECF No. 17) is GRANTED. The stay of 11 U.S.C. § 362(a) is modified to permit the Movant to exercise its rights and remedies with respect to the Property, commonly known as 3513 South 32nd Street, Milwaukee, WI 53221, under its loan documents and applicable nonbankruptcy law. All other relief requested in the motion is denied. This order shall be stayed for 14 days pursuant to Federal Rule of Bankruptcy Procedure 4001(c).

# # # # #